**STATE of Missouri ex rel. Clarence SPEAR et al., Relators,**

v.

**Honorable Lawrence O. DAVIS, Judge of the Circuit Court of Franklin County, Missouri, Respondent.**

No. 41945.

Missouri Court of Appeals, Eastern District, Division Three.

March 18, 1980.

Carter, Brinker, Doven & Kovacs, Daniel E. Wilke, Clayton, for relators.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for respondent.

CRIST, Judge.

On August 9, 1979, relators/plaintiffs filed the present writ of prohibition in this court. Our preliminary writ of prohibition was improvidently issued on August 15, 1979.

Plaintiffs' mobile home was destroyed by fire after an explosion on March 1, 1978. Their insurance carrier was State Farm Fire and Casualty Company (hereinafter "State Farm"). State Farm sent their adjuster Richard Kline to the scene of the fire shortly after it occurred to make an investigation. State Farm paid plaintiffs for their fire loss.

State Farm, proceeding under the names of plaintiffs as its insureds, filed suit against defendant Sieve King, Inc., for property damages for the destruction of the mobile home. Defendant filed a notice to take the deposition of State Farm's adjuster, Richard Kline, and caused to be issued a subpoena duces tecum to Kline.

State Farm filed a motion for a protective order and a motion to quash the subpoena duces tecum by reason of the attorney-client (insurer-insured) privilege and the work product privilege. On May 25, 1979, Judge Davis, respondent, sustained the motion and quashed the subpoena. A motion for rehearing was filed by defendant and heard. On August 1, 1979, Judge Davis ordered that the deposition of Mr. Kline be taken concerning only matters which were not his own mental impressions. State Farm maintains that it was aggrieved by this August 1, 1979 order. We disagree.

Rule 56.01(b)(1) states that "[p]arties may obtain discovery regarding any matter, *not privileged* . . . ." (Emphasis ours.) We first turn our attention to the attorney-client privilege. State Farm, relying on this privilege, at least to some degree, to preclude the deposition, seeks support from *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo.banc 1976). This case is of little solace to State Farm. *Barker* precludes the discovery of statements made by an insured to his liability carrier in anticipation of litigation, *Barker*, supra, at 53[2]; however, that case does not preclude the taking of the deposition *en toto*. Neither the *Barker* case, nor the attorney-client privilege, is a bar to the deposition of Mr. Kline.

 Attorney-client privilege and work product privilege are separate doctrines. We now turn our attention to the work product doctrine. Work product refers to the protections contained in Rule 56.-01(b)(3), the equivalent of Rule 26(b)(3) of the Federal Rules of Civil Procedure. It shelters the mental processes of the attorney. It is an absolute immunity from discovery of mental impressions, conclusions, opinions, and legal theories of an attorney or other representatives of a party concern-

ing the litigation. *Halford v. Yandell*, 558 S.W.2d 400 (Mo.App.1977). See *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

In *State v. Caruthers*, 226 S.W.2d 711, 712 (Mo.banc 1950), an action to recover on a fire policy, the Missouri Supreme Court held an insurer was required to answer an interrogatory disclosing names and addresses of adjusters who participated in inspection and adjustment of property after a fire. The adjusters were competent witnesses as to the amount of the loss and observed conditions on the premises. *Accord, State v. Adams*, 262 S.W.2d 9, 12[3] (Mo.banc 1953); *State ex rel. Missouri Public Service Co. v. Elliott*, 434 S.W.2d 532, 537[7] (Mo.banc 1968). We find these cases persuasive. The court below correctly ordered Mr. Kline to be deposed as to the "facts" of his investigation and stated that he "need not answer questions inquiring into his own 'mental impressions.'"

 We affirm the August 1, 1979, order of respondent judge. The deposition of Mr. Kline should proceed in accordance with our foregoing opinion. Our original preliminary writ of prohibition was improvidently issued.

DOWD, P. J., and REINHARD, J., concur.