**STATE of Missouri, ex rel. MITCHELL HUMPHREY & COMPANY, a Missouri Corporation, and Mitchell O. Humphrey, Relators,**

**v.**

**The Honorable Richard F. PROVAZNIK, Circuit Judge, St. Louis County, Missouri, Division 16, Respondent.**

No. 63200.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

May 25, 1993.

M. Harvey Pines, Daniel R. Schramm, St. Louis, for relators.

David Wells, Dana E. Underwood, St. Louis, for respondent.

GRIMM, Presiding Judge.

Relators Mitchell Humphrey & Co. and Mitchell O. Humphrey (hereafter referred to collectively as Humphrey) seek a writ of

---

1. Humphrey discharged Anders in 1989.

prohibition to prevent respondent/judge from enforcing his order compelling production of documents. We issued our preliminary order in prohibition, which we now make absolute in part and quash in part.

## I. Background

Humphrey is the plaintiff in the underlying malpractice action against defendant Price Waterhouse, a public accounting firm. Price Waterhouse provided tax and accounting services to Humphrey from 1986 to 1988.

In 1988, Humphrey discharged Price Waterhouse and hired the accounting firm of Anders, Minkler & Diehl (Anders) to provide these services.[1] In his brief, Humphrey claims Anders also "provided assistance in a consulting capacity for [Humphrey's] counsel in anticipation of the pending litigation against Price Waterhouse."

Subsequently, Humphrey filed suit against Price Waterhouse. Humphrey sought damages for "careless and negligent tax preparation and accounting advice." Price Waterhouse denied liability and alleged Humphrey was contributorily negligent because he did not (1) follow their advice, or (2) mitigate his damages.

In preparation for trial, Price Waterhouse served a subpoena duces tecum on Anders. Price Waterhouse sought to obtain materials prepared by Anders, including the amended and revised tax returns and all working papers, notes, financial statements, supporting calculations and documentation relevant thereto.

Pursuant to this subpoena, Anders produced most of the documents Price Waterhouse requested. However, Anders' counsel advised them to withhold certain documents. Humphrey asserted a work product privilege with regard to the withheld documents, which include:

(1) January 30, 1989 faxed message from Humphrey's counsel to Anders that transmitted an eighteen page report from Humphrey's expert to Humphrey's counsel.

(2) Two copies of December 29, 1988 Anders' memo to Humphrey's correspondence file.

(3) March 9, 1989 faxed message from Humphrey's counsel to Anders that transmitted a March 9, 1989 letter from Humphrey's attorney to Humphrey.

(4) Anders' memos dated April 6 and 7, 1989 to Humphrey's tax file.[2]

(5) Damage calculations.

Price Waterhouse moved to compel production of these documents. After hearing arguments, respondent/judge indicated "that unless prohibited from so doing [he would] ... sustain [Price Waterhouse's] said motion on the grounds that [he] does not believe that the documents sought contain privileged communications."

## II. Standard of Review

Here, Humphrey is attacking the order respondent/judge proposes to enter. As such, Humphrey bears the burden of showing that the documents about to be ordered produced "are not relevant ...; or that they are in fact privileged; ...; or that respondent otherwise lacks jurisdiction or will exceed his jurisdiction in entering the order." *State ex rel. Terminal R.R. Ass'n of St. Louis v. Flynn*, 363 Mo. 1065, 257 S.W.2d 69, 72 (banc 1953); *State ex rel. Syntex Agri–Business, Inc. v. Adolf*, 700 S.W.2d 886, 887 (Mo.App.E.D.1985).

■ A trial court has broad discretion in the administration of discovery rules. Absent an abuse of discretion, an appellate court should not disturb a trial court's ruling. *Klein v. General Elec. Co.*, 714 S.W.2d 896, 906 (Mo.App.E.D.1986).

■ When a trial court makes a discovery order that either exceeds its jurisdiction or is an abuse of discretion, prohibition is an appropriate remedy. *State ex rel. Upjohn Co. v. Dalton*, 829 S.W.2d 83, 85 (Mo.App.E.D.1992). Prohibition is similarly appropriate where the trial court orders "production of work product when there has been no showing, as required by Rule

56.01(b)(3) 'that a party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means.'" *Enke v. Anderson*, 733 S.W.2d 462, 465 (Mo.App.S.D.1987). We, however, start with the presumption that the trial court acted appropriately. *See Board of Registration for the Healing Arts v. Spinden*, 798 S.W.2d 472, 475 (Mo. App.W.D.1990).

## III. Work Product

We first note that although "work product" and "privilege" are at times used interchangeably, the two are not synonymous; rather, they are separate doctrines. *See State ex rel. Spear v. Davis*, 596 S.W.2d 499, 500 (Mo.App.E.D.1980).

■ If a relevant matter is privileged, it has complete immunity from discovery. *See* Rule 56.01(b)(1). If a matter is an attorney's work product, however, it has qualified immunity under Rule 56.01(b)(3). *See May Dept. Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo.App.E.D.1985).

Work product "denies to one's adversary materials 'prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) ...,' except upon a showing that the party seeking discovery 'has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" *Id.* (citing *State ex rel. J.E. Dunn Constr. Co. v. Sprinkle*, 650 S.W.2d 707, 710 (Mo.App.W.D.1983)); see also Rule 56.01(b)(3).

■ There are two types of work product: (1) trial preparation materials (documents and other tangible things) and (2) opinion work product. The first is entitled to qualified immunity: it may be discovered only upon a showing of substantial need

---

**2.** Both parties acknowledge that these documents were produced for Price Waterhouse's review.

and undue hardship. The second, which includes the "mental impressions, conclusions, opinions, and legal theories of an attorney or other representatives of a party concerning the litigation," is entitled to absolute immunity. *Davis,* 596 S.W.2d at 500–01; Rule 56.01(b)(3).

## IV. Waiver and Other Contentions

Before determining whether the documents in question are in fact work product, we first address Price Waterhouse's arguments made on respondent/judge's behalf that the documents are not subject to any immunity. They contend that the documents are not privileged because (1) the documents are material and relevant, (2) Humphrey waived work product immunity by "voluntarily producing communications between Anders and [Humphrey's] counsel," and (3) Humphrey cannot raise issues here that were not presented to respondent/judge.

Humphrey does not dispute that the documents are material and relevant. We therefore address whether Humphrey has waived work product immunity.

■ Price Waterhouse correctly asserts that "[w]ork product immunity, as any other, may be relinquished by voluntary disclosure of the protected information." *State ex rel. Mueller v. Dixon,* 456 S.W.2d 594, 597 (Mo.App.W.D.1970). In *Mueller,* however, that court found objections to specific interrogatories were waived "when the information sought to be reached by those inquiries" was voluntarily disclosed. *Id.* at 596. *Mueller* does not stand for the proposition, as Price Waterhouse maintains, that "disclosure of some privileged communications waives privilege as to all."

Price Waterhouse also relies on *Demonbrun v. McHaffie,* 348 Mo. 1120, 156 S.W.2d 923, 924 (Div. 2 1941) (concerning waiver of physician/patient privilege) and *Chamberlain v. Chamberlain,* 230 S.W.2d 184, 189 (Mo.App.E.D.1950) (concerning waiver of spousal privilege). Those two cases involve waiver of privilege at trial and are not applicable. Again, we note

that privilege and work product are two separate doctrines. The work product doctrine protects "against invading the privacy of an attorney's course of preparation." *Hickman v. Taylor,* 329 U.S. 495, 512, 67 S.Ct. 385, 394, 91 L.Ed. 451, 463 (1947).

Price Waterhouse also argues that Humphrey's production of other documents waives work product immunity as to the withheld documents because they "relat[e] to the same issues as those set forth in the withheld documents." However, "[a] disclosure made in the pursuit of ... trial preparation, and not inconsistent with maintaining secrecy against opponents, should be allowed without waiver of the [work product immunity]." *Permian Corp. v. United States,* 665 F.2d 1214, 1219 (D.C.Cir.1981) (quoting *United States v. AT & T,* 642 F.2d 1285, 1299 (D.C.Cir. 1980)).

The accuracy of Price Waterhouse's assertion can only be determined by an examination of the withheld documents. In considering whether to issue the provisional writ, this court directed Humphrey to deposit the documents with this court for an *in camera* inspection. *See State ex rel. Friedman v. Provaznik,* 668 S.W.2d 76, 79–80 (Mo. banc 1984) (an *in camera* examination provides the opportunity to determine what may be protected by the work product immunity). Our review of the withheld documents reveals that some of the information in the withheld documents is not similar to that included in the documents produced. As such, Humphrey has not waived work product immunity by voluntarily disclosing the information[3] because the disclosure was not inconsistent with maintaining secrecy.

■ Price Waterhouse also contends that when a client places his financial condition at issue, he waives any privilege. They find support for their contention in *State ex rel. Schott v. Foley,* 741 S.W.2d 111 (Mo.App.E.D.1987) and *State ex rel. Southwestern Bell Pubs. v. Ryan,* 754 S.W.2d 30 (Mo.App.E.D.1988). *See* § 326.-

**3.** We again note that the April 6 and 7, 1989 memos Humphrey previously produced, whether intentionally or inadvertently, do not have any work product immunity.

151, RSMo 1986. In those cases, however, work product immunity was not before the court and was not addressed. Rather, those cases address waiver of the accountant-client privilege. As noted previously, privilege is a separate doctrine from work product immunity.

We turn now to Price Waterhouse's other argument that Humphrey cannot raise issues before us that were not presented to respondent/judge. Specifically, Price Waterhouse points to two instances: (1) Humphrey argues that respondent/judge should have made an in-camera inspection of the documents and erred in failing to do so, although Humphrey did not make this request to respondent/judge; and (2) Humphrey argues that he inadvertently produced two of the withheld documents.

Turning to the first instance, Price Waterhouse's argument overlooks the fact that at the trial court level, they, not Humphrey, had the burden to show good cause for production. Moreover, Price Waterhouse themselves requested an *in camera* review of the documents in their motion to compel. We need not address the inadvertency issue.

## V. Disposition

 We now turn to the documents in question. The January 30, 1989 document is basically Humphrey's expert's analysis of his claim against Price Waterhouse. It was prepared in anticipation of litigation and is entitled to work product immunity.

■ The two identical copies of Anders' December 29, 1988 memo consist of an Anders' accountant's summary of a telephone conversation with three Price Waterhouse accountants. The memos recite that the purpose of the call "was to receive from Price Waterhouse their tax planning ideas with regard to the S–Corp. election by Mitchell Humphrey & Co." The substance of the memos is the summarization of the Price Waterhouse accountants' statements. As such, these memos do not contain the "mental impressions, conclusions, opinions, or legal theories" of Humphrey's attorney or his representative. *See* Rule

56.01(b)(3). They are not entitled to work product immunity.

■ The March 9, 1989 letter from Humphrey's attorney to Humphrey is entitled to work product immunity. The letter contains conclusions, opinions, and legal theories which are not discoverable.

The last document contains nine pages with the first page labeled "Mitchell Humphrey & Co. Damages." This document is entitled to work product immunity because it contains conclusions and opinions of Humphrey's attorney or his representative.

We quash the provisional writ as it relates to (1) the two identical copies of Anders' December 29, 1988 memo and (2) Anders' memos dated April 6 and 7, 1989. In all other aspects, we make the preliminary order in prohibition permanent. Costs are assessed equally.

STEPHAN and AHRENS, JJ., concur.