STATE of Missouri EX REL. Glenn
COLLOM and Ellie Collom,
Relators,

v.

The Honorable Rob E. FULTON,
Respondent.

No. SD 34832

Missouri Court of Appeals,
Southern District,
Division Two.

Filed June 9, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
30, 2017

Attorneys for Relators: David L. Coffman, Booker T. Shaw, David A. Stratmann, of THOMPSON COBURN, LLP, St. Louis, Missouri.

Attorney for Respondent: Christopher Yarbro, of Kennedy, Kennedy, Robbins & Yarbro, Poplar Bluff, Missouri.

## ORIGINAL PROCEEDING
## IN PROHIBITION

GARY W. LYNCH, P.J.

■ Devin Kirby, Angela M. Kirby, Derrick Kirby, and Angela R. Kirby ("the Kirbys") alleged that they owned certain property ("Property") in the Pike Creek Estates and petitioned the trial court for the ejectment of Glenn Collom and Ellie Collom ("the Colloms") from Property because the Colloms had constructed a metal fence thereon. After the trial court ordered the Colloms to produce certain documents, they petitioned this court for a writ of prohibition, "directing [the trial court] to refrain from enforcing its [ ] Order Compelling Discovery[,]" because they claim the documents are protected by several privileges and the work product doctrine and are irrelevant. We issued a preliminary writ of prohibition on January 30, 2017. Because we cannot conclude that the trial court abused its discretion in compelling this discovery, the preliminary writ is quashed.

### Standard of Review

A writ of prohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party. Prohibition is the proper remedy when a trial court has abused its discretion in a discovery order to the extent that its act exceeds its [authority]. A trial court abuses its

discretion when its ruling is clearly against the logic of the circumstances then before the court and [is] so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.

*State ex rel. Wilson v. Davis*, 979 S.W.2d 253, 255 (Mo. App. S.D. 1998)(internal citations and quotations omitted).

## Factual and Procedural Background

The underlying claim for ejectment stems from an erroneous survey of the Property by Chris Lambert for the Colloms.[1] The Colloms responded to certain discovery requests from the Kirbys by generally asserting as to all requested documents the attorney-client, the insurer-insured, and the work product privileges and lack of relevance. The contested discovery requests, with the Colloms' responses noted in corresponding footnotes, are as follows:

Request No. 1[2]

All letters, emails and other written correspondence from [Colloms] and/or [Colloms'] counsel to Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding a survey on Lot 1 of Pike Creeks Estates conducted by Chris Lambert (d/b/a Lambert Engineering/Surveying) for Glenn Collom and/or Ellen Collom in Carter County, Missouri.

Request No. 2:

All letters, emails and other written correspondence from [Colloms] and/or [Colloms'] counsel to Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding a lawsuit captioned Kirby v. Collom pending in the Circuit Court of

---

1. The Kirbys and the Colloms are the only parties in the underlying ejectment action.

2. The Colloms responded to each request with the following (varying for each request only by request number):

   RESPONSE: Defendants object to Request for Production No. 1 in that the correspondence and other documents sought by Request No. 1 are protected by the attorney-client privilege, the insurer-insured privilege, and by the work product privilege. Communications that fall within these privileges are therefore excluded from discovery under Mo. S. Ct. Rule 56.01(b)(1). *See, e.g., State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo. banc 1976); *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 548 (Mo. App. W.D. 2008); and *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 45 (Mo. App. S.D. 2008). Any communications between Chris Lambert, his counsel and/or his insurance company are therefore protected from discovery by these privileges. Moreover, these privileges also apply to any counsel hired by Chris Lambert's insurance company for protection of Chris Lambert's interests (here, David Coffman and Thompson Coburn LLP). *See State ex rel. L.Y. v. Davis*, 723 S.W.2d 74, 75 (Mo. App. E.D. 1986) ("The insured delegates the selection of an attorney and the defense of any litigation to his liability insurer."). The documents and correspondence sought by Request No. 1 constitute communications between Chris Lambert, his insurer and counsel hired by his insurer for protection of Chris Lambert's interests, and those documents and correspondence are therefore protected by the attorney-client privilege. In addition, Request No. 1 clearly seeks both tangible and intangible work product which is protected from discovery.

   Defendants further object to Request No. 1 on the grounds that the request is not reasonably calculated to lead to the discovery of any admissible evidence. The correspondence and documents sought in Request No. 1 have no relevance whatsoever to the merits of any of the claims or defenses asserted in this action, which relate solely to the right to possession of the subject real estate (as to which title is not in dispute).

   Defendants further object to Request No. 1 on the grounds that the request is vague and ambiguous, and overbroad.

Butler County, Missouri, case number 14BT-CV01572 and/or 14BT-CV01572-01.

Request No. 3:

All letters, emails and other written correspondence from [Colloms] and/or [Colloms'] counsel to Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding a lawsuit captioned Kirby v. Collom pending in the Circuit Court of Carter County, Missouri, case number I4AK-CC001I4.

Request No. 4[3]

All letters, emails and other written correspondence from [Colloms] and/or [Colloms'] counsel to Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding any claim made by [Colloms] stemming from a survey of Lot 1 of Pike Creek Estates conducted by Chris Lambert in Carter County, Missouri.

Request No. 5:

All letters, emails and other written correspondence received from Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding a survey of Lot 1 of Pike Creek Estates conducted by Chris Lambert for Defendants in Carter County, Missouri.

Request No. 6:

All letters, emails and other written correspondence received from Chis Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance com-

pany(ies) regarding a lawsuit captioned Kirby v. Collom pending in the Circuit Court of Butler County, Missouri, case number 14BT-CV01572 and/or 14BT-CV01572-01.

Request No. 7:

All letters, emails and other written correspondence received from Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company(ies) regarding a lawsuit captioned Kirby v. Collom pending in the Circuit Court of Carter County, Missouri, case number I4AK-CC00I14.

Request No. 8:

All letters, emails and other written correspondence received from Chris Lambert and/or Chris Lambert's counsel and/or Chris Lambert's insurance company regarding any claim made by [Colloms] stemming from a survey of Lot 1 of Pike Creek Estates conducted by Chris Lambert in Carter County, Missouri.

Request No. 9:[4]

All receipts, invoices, bills, checks or other documents showing the payment of any money to [Colloms] and/or [Colloms'] counsel received from Chris Lambert and/or Chris Lambert's insurance company(ies) regarding a lawsuit captioned Kirby v. Collom pending in the Circuit Court of Butler County, Missouri, case number I4BT-CV01572 and/or 14BTCV01572-01.

Request No. 10:

Further, billing statements by an attorney (here, counsel retained by Chris Lambert's insurance company) disclose privileged information concerning pre-trial and trial strategy and other work performed in representation of the client. Any such billing statements or other similar records are therefore protected by these same privileges.

3. Response to request number four added: "Subject to and without waiving these objections, Defendants state and have previously stated in prior discovery responses that they have not made a claim against Chris Lambert."

4. Responses to requests nine and ten added:

All receipts, invoices, bills, checks or other documents showing the payment of any money to [Colloms] and/or [Colloms'] counsel received from Chris Lambert and/or Chris Lambert's insurance company(ies) regarding a survey of Lot 1 of Pike Creek Estates conducted by Chris Lambert for Defendants in Carter County, Missouri.

The Kirbys filed a motion to compel asking the trial court to order the Colloms to produce the requested information. The Colloms responded to the Kirbys' motion to compel by arguing that the requested discovery is not relevant, is protected by the attorney-client privilege and the common interest doctrine, is protected by the insurer-insured privilege, and is protected by the work product doctrine. By order dated and entered on January 6, 2017, the trial court concluded that the information was relevant and was not protected by any privilege or the work product doctrine. In that order, therefore, the trial court granted the Kirbys' motion to compel, denied the Colloms' objections and motion to quash, and specified:

This order does not include communications between Mr. Lambert, his private attorney and Mr. Lambert's insurance carrier. It does affect communications from the Collums [sic], their private attorney, the Thompson Coburn attorneys to and from Mr. Lambert, his surveying company and his insurer.

The Colloms petitioned this court for a writ of prohibition, and we issued a preliminary writ on January 30, 2017.

## Discussion

For ease of analysis we discuss the Colloms' two points in reverse order.

---

**5.** While the Colloms attempt to minimize the significance of their designation of Lambert as an expert witness, nothing in the record

## *Point Two—Information Sought is Relevant*

■ The Colloms' second point relied on contends:

Relators are entitled to a writ of prohibition prohibiting respondent from enforcing the January 6, 2017 discovery order because respondent abused his discretion and exceeded his jurisdiction by ordering the production of communications between (1) the Colloms, Chris Lambert and Lambert's liability insurer, and (2) Thompson Coburn, Chris Lambert and Lambert's liability insurer in that the information sought was not relevant or material to any issue remaining in the case.

The Kirbys have the burden of establishing the relevance of the requested documents. Rule 56.01(b)(1). The Kirbys are entitled to "discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" Rule 56.01(b)(1).

The Kirbys argued in their motion to compel that the requested documents were relevant to show the extent of Lambert's financial interest in the matter as it pertained to his credibility because he had been designated as a fact and expert witness for the Colloms.[5] The Colloms denied relevancy without citing any supporting authority. The trial court agreed with the Kirbys.

In their brief to this court, the Colloms again cite no evidentiary or case law support for their position that the requested documents are not relevant. Their argu-

before us supports that such designation has been withdrawn.

ment, in short, is that the documents are not relevant to show bias because all parties "are already aware of Mr. Lambert's situation as a potential indemnitor of the Colloms[ ]" and the documents are not relevant even though Lambert is designated as a witness because "no opinions were ever disclosed and the correctness of his survey is no longer a contested issue in the case."

Although bias may be understood to exist by all parties, evidence of the *extent* of that bias may be revealed by the production of the requested documents. Furthermore, the Colloms' argument does not acknowledge or address the requirement that "Rule 56.01(b)(4) should be read to require production of all of the materials provided to the expert" regardless of whether or not the expert relied upon them. *State ex rel. Tracy v. Dandurand*, 30 S.W.3d 831, 835 (Mo. banc 2000). As such, we cannot conclude that the trial court abused its discretion in determining that the requested documents are relevant. The Colloms' second point is denied.

### Point One—Trial Court Did Not Abuse Discretion in Compelling Disclosure

The Colloms' first point relied on contends:

> Relators are entitled to a writ of prohibition prohibiting respondent from enforcing the January 6, 2017 discovery order because respondent abused his discretion and exceeded his jurisdiction by ordering the production of communications between (1) the Colloms, Chris Lambert and Lambert's liability insurer, and (2) Thompson Coburn, Chris Lambert and Lambert's liability insurer in that such communications are protected from disclosure by the attorney-client privilege, the common interest doctrine,

the insured insurer privilege, and the work-product doctrine

■■■ Procedures concerning the production of documents are set forth in Rule 58.01.[6] If a party objects to production based on privilege or the work product doctrine, "then without revealing the protected information, the objecting party *shall* state information that will permit others to assess the applicability of the privilege or work product doctrine." Rule 58.01(c)(3)(emphasis added). The party opposing discovery must establish such protection "through competent evidence[.]" *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 323 (Mo. App. E.D. 2010). " 'Competent evidence' may include a privilege log and affidavits from counsel." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 (Mo. banc 2004). "Blanket assertions of work product are insufficient to invoke protection." *Id.* Furthermore, "[b]are assertions by counsel do not prove themselves and are not evidence of the facts presented." *Andersen v. Osmon*, 217 S.W.3d 375, 381 (Mo. App. W.D. 2007).

■■■ In their motions to the trial court and briefs in this court, the Colloms make repeated allegations concerning the nature of Lambert's and Lambert's insurer's representation by the Colloms' attorney, Thompson Coburn, LLC. Beyond the "bare assertions" of the Colloms' attorneys, however, we find only two exhibits that purport to support their claims of privilege and work product: (1) an affidavit from attorney Bruce Lawrence asserting that he represents Chris Lambert and that the Colloms, Lambert, and Lambert Engineering share common interests and it is in their benefit to work together; and (2) an affidavit from Charles Leible asserting that he represents the Colloms and that

---

6.  Rule references are to Missouri Court Rules    (2017).

the Colloms, Lambert, and Lambert Engineering share common interests and it is in their benefit to work together.[7] These affidavits do not confirm the existence of any insurance agreement concerning Lambert.[8] Nor do they reveal the time of formation of any attorney-client relationships of any of the parties or the scope of those relationships.[9] Additionally, the Colloms took the position in their response to the motion to compel that Rule 58.01(c)(3) did not *require* them to submit a privilege log and, without any supporting evidence, that "the sheer volume of the material sought" would make preparing a privilege log "burdensome." Thus, no privilege log was submitted.

Although the Colloms may be correct that Rule 58.01(c)(3) can be satisfied without the submission of a privilege log, they, nevertheless, failed to carry their burden to satisfy the requirements of Rule 58.01(c)(3) in some credible manner. The Colloms simply did not provide "competent evidence" that would permit the Kirbys, the trial court, or this court to "assess the applicability of the privilege or work product doctrine." Rule 58.01(c)(3); *Diehl*, 309 S.W.3d at 323. The Colloms assert that the responsive documents are voluminous and contend that various privileges and the work product doctrine *all* apply to protect *all* of the documents from production. Yet, they provide no competent evidence from which the Kirbys or any court can assess the application of any particular privilege or the work product doctrine to any particular responsive document. Rather, the Colloms asked the trial court, and now this court, to universally apply those privileges and the work product doctrine to the entirety of the voluminous responsive documents based only on the conclusory statements via affidavit that the parties had decided to work together for their greater good and that the documents were protected by privilege. The trial court's order expressly concluded that the Colloms had not met their burden of proving a privilege or work product protection and, based upon the limited nature of the evidence before it, we cannot conclude that this was an abuse of discretion. The Colloms' first point is denied.

### Decision

The preliminary writ is quashed.

NANCY STEFFEN RAHMEYER, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs

### APPENDIX TO OPINION

7. Both affidavits, less the second signature/notarization page of each, are attached as an appendix to this opinion.

8. For purposes of this decision, we assume without deciding that the Colloms are able to assert an insurer-insured privilege, as they contend, and that the privilege is not held exclusively by the insurer and the insured.

9. "In order to invoke work product protection, the party opposing discovery 'must establish, via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party.'" *State ex rel. Ford Motor Co.*, 151 S.W.3d at 367 (quoting *Raytheon Aircraft Co. v. United States Army Corps of Eng'rs*, 183 F.Supp.2d 1280, 1287–88 (D. Kan. 2001)). Thus, the time of formation of the attorney-client relationships in this case would be an important piece of the puzzle in determining whether the documents at issue were prepared in anticipation of trial.