

# In the Missouri Court of Appeals
# Eastern District

<u>WRIT DIVISION ONE</u>

| | | |
|---|---|---|
| KRISTINE HILL AND DENNIS HILL, | ) | ED110232 |
| | ) | |
| Relators, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 19SL-CC02746 |
| | ) | |
| HONORABLE STANLEY J. WALLACH, | ) | Honorable Stanley J. Wallach |
| | ) | |
| Respondent. | ) | Filed:  April 19, 2022 |

**INTRODUCTION**

Kristine Hill and Dennis Hill (Relators) filed a Petition for Writ of Prohibition with this Court, seeking to prohibit enforcement of the December 8, 2021 Order (Order) by Judge Stanley J. Wallach (Respondent).  The Order granted a Motion to Compel filed by Mercy Rehabilitation Hospital – St. Louis, LLC (Mercy) in the action of *Kristine Hill and Dennis Hill v. Mercy Rehabilitation Hospital – St. Louis, LLC, et al.*, pending in the Circuit Court of St. Louis County, Case No. 19SL-CC02746.

The Order required Relators, the plaintiffs in the underlying case, to produce all documents regarding counsel's settlement negotiations and release (settlement documents) from an automobile accident involving Ms. Hill that occurred after the incident giving rise to the pending litigation.  Relators contend the settlement documents are protected work product and

Mercy made no showing pursuant to Rule 56.01(b)(5)[1] that it had a substantial need to discover them, or that any probative value of those materials outweighed the highly sensitive and likely prejudicial nature of an attorney's settlement negotiations and the resulting settlement agreement. We previously issued a Preliminary Order in Prohibition. Respondent filed an answer and suggestions in opposition. In the interest of justice, we dispense with further briefing and oral argument pursuant to Rule 84.24(i). The Preliminary Order in Prohibition is made permanent.

## BACKGROUND

On July 9, 2019, Relators filed a lawsuit against defendants Mercy and Stryker Corporation (Stryker), alleging, *inter alia*, that Mercy was negligent in failing to properly inspect, maintain or fix the hospital bed that malfunctioned and collapsed on Ms. Hill causing her severe back and spine injuries while she was a patient at Mercy on July 10, 2017.[2] On January 18, 2018, Ms. Hill was in a car accident that exacerbated her back pain. She settled her claim against the at-fault driver for a monetary payment subject to a confidentiality provision. Consequently, Mercy filed an affirmative defense for a reduction of the amount of any settlement from any other tortfeasor under Section 537.060, RSMo.[3]

On May 24, 2021, Mercy sought the following discovery:

RFP 1: . . . all non-privileged communications, letters, messages, emails or documents of any kind related to any claim or suit Mr. or Ms. Hill made or filed related to the motor vehicle accident that occurred on January 18, 2018, involving Kristine Hill.

RFP 2: . . . all non-privileged communications, letters, messages, emails or documents of any kind related to any claim or suit Mr. or Ms. Hill made or filed related to the motor vehicle accident that occurred on January 18, 2018, and any settlement of said claim/suit.

---

[1] All rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.
[2] Mr. Hill alleges loss of consortium.
[3] Both Mercy and Relators refer to this defense as "setoff" in their briefs, which is incorrect because Section 537.060 provides an affirmative defense of reduction, and should be referred to as such. *See Sanders v. Ahmed*, 364 S.W.3d 195, 201 n.2 (Mo. banc 2012). All statutory references are to RSMo. (2016), unless otherwise indicated.

Relators objected that the requests were overbroad, premature, duplicative, and sought information protected by the work product doctrine. Relators produced a privilege log as evidence to support their claim that the settlement documents were work product. During Ms. Hill's deposition, Relators' counsel made a record that the settlement release of the auto claim was subject to a confidentiality provision.

Relators produced all non-privileged documents related to the auto accident, including the fire department accident report, EMS report, as well as all medical and treatment records in their possession. Ms. Hill also executed every requested medical authorization, releasing all of her medical and mental health records to the defendants.

On October 20, 2021, Mercy filed its motion to compel production of the settlement documents possessed by Relators' counsel. Mercy argued that during her deposition, Ms. Hill could not recall what part(s) of her body she claimed were injured in her 2018 car accident and testified she "did not know" if her back was injured in the accident. Mercy further asserted that Relators' counsel's correspondence with third parties (the other driver's counsel or insurer) was not protected work product because these documents were prepared in avoidance – rather than in anticipation – of litigation. Mercy also claimed the settlement documents were necessary to properly plead and prove the existence of the settlement, including the precise amount of the settlement, in order to obtain the reduction or credit as an affirmative defense permitted by Section 537.060.

In their response, Relators argued that Ms. Hill already provided all the relevant and discoverable facts and records about the accident and settlement. While Relators agreed Mercy may be entitled to discover the amount of the settlement for the purpose of a reduction, they merely disagreed on when they were required to disclose the information. Relators asserted that

Mercy was only entitled to the discovery if a monetary judgment is entered in their favor because that is when Mercy's reduction would be applied by the trial court pursuant to Section 537.060.

In reply, Mercy claimed Ms. Hill's medical records demonstrated a consistent improvement in her condition following the July 2017 hospital bed incident but then worsened following the January 2018 accident. Specifically, Mercy asserted that certain injuries, such as urinary dysfunction or immobility, became permanent; thus rendering her medical records *and* settlement documents in that case relevant and admissible at trial here.

On December 8, 2021, Respondent granted Mercy's motion to compel Relators to produce the confidential settlement release and settlement negotiations from the January 2018 automobile accident claim. Relators filed their Petition for Writ of Prohibition, arguing that an attorney's settlement documents are protected work product and Mercy made no showing of a substantial need for them. This Court issued a Preliminary Order in Prohibition. Respondent's Answer and Suggestions in Opposition claimed the settlement documents were discoverable because they were relevant to the issues of causation and damages, and they were not protected work product, thus Respondent was not required to establish a "substantial need" pursuant to Rule 56.01(b)(5).

## DISCUSSION

Relators sought to prohibit enforcement of the entire December 8, 2021 Order compelling discovery; however, the only arguments presented here address Relators' counsel's settlement negotiation communications with the claims agent for the automobile injury claim, and the settlement release itself.

4

*Standard of Review*

Prohibition is a discretionary writ that is limited to "fairly rare" situations; it only issues to prevent an abuse of judicial discretion, to prevent exercise of extra-jurisdictional power, or to avoid irreparable harm to a party, or there is an issue of law that will likely escape review on appeal and cause considerable hardship or expense to the aggrieved party. *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. banc 2021) (*quoting State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 768 (Mo. banc 2014)); *see also State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 760 (Mo. App. W.D. 2007) (*citing State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998)).

Prohibition is particularly appropriate where the trial court orders "production of work product when there has been no showing, as required by Rule 56.01(b)[(5)] 'that a party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means.'" *State ex rel. Mitchell Humphrey & Co. v. Provaznik*, 854 S.W.2d 810, 812 (Mo. App. E.D. 1993) (*quoting Enke v. Anderson*, 733 S.W.2d 462, 465 (Mo. App. S.D. 1987)).

*Analysis*

The crux of the issue before this Court is the ***discoverability*** of settlement documents from Ms. Hill's 2018 car accident in this action for her injuries resulting from the 2017 hospital bed incident. The question is whether the settlement documents are protected work product.

Admissibility and Privilege

Our analysis of the discoverability of the settlement documents at issue here begins with the fundamental evidentiary rule in Missouri and other jurisdictions that "evidence of settlement agreements is not admissible." *Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d

5

368, 376 (Mo. App. W.D. 2010). "This is because settlement agreements tend to be highly prejudicial and, thus, should be kept from the jury unless a clear and cogent reason exists for admitting a particular settlement agreement." *Id.*

"Claims of privilege present an exception to the general rules of evidence which provide that all evidence, material, relevant and competent to a judicial proceeding shall be revealed if called for. As such, they are carefully scrutinized." *State ex rel. Dixon Oaks Health Ctr., Inc. v. Long*, 929 S.W.2d 226, 229 (Mo. App. S.D. 1996) (*quoting State v. Beatty*, 770 S.W.2d 387, 391 (Mo. App. S.D. 1989)). One such exception is the attorney-client privilege, which protects confidential communications between an attorney and the client. *See State ex rel. Kilroy Was Here, LLC v. Moriarty*, 633 S.W.3d 406, 413 (Mo. App. E.D. 2021). "[The Missouri Supreme Court] has spoken clearly of the sanctity of the attorney-client privilege," and the need to eliminate any interference with it:

> . . . . The relationship and the continued existence of the giving of legal advice by persons accurately and effectively trained in the law is of greater societal value . . . than the admissibility of a given piece of evidence in a particular lawsuit. Contrary to the implied assertions of the evidence authorities, the heavens will not fall if all relevant and competent evidence cannot be admitted.

*State ex rel. Peabody Coal v. Clark*, 863 S.W.2d 604, 607 (Mo. banc 1993) (*citing State ex rel. Great American Ins. Co. v. Smith*, 574 S.W.2d 379, 383 (Mo. banc 1978)).

Similarly, Missouri courts generally protect both tangible and intangible work product because the failure to do so would likely have a chilling effect on the cause of justice:

> . . . . Were such [work product] materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*State ex rel. Rogers v. Cohen*, 262 S.W.3d 648, 651 (Mo. banc 2008) (*citing Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). The privilege "precludes an opposing party from discovering materials created or commissioned by counsel in preparation for possible litigation." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 (Mo. banc 2004);[4] *see also Kilroy Was Here*, 633 S.W.3d at 414. Intangible work product consists of an attorney's mental impressions, conclusions, opinions, and legal theories. *Westbrooke*, 151 S.W.3d at 367. Intangible work product has complete immunity from discovery. *See id.* (*citing State ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. O'Malley*, 898 S.W.2d 550, 552-53 (Mo. banc 1995)); Rule 56.01(b)(5) (". . . the court *shall* protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.") (emphasis added). Tangible work product consists of trial preparation documents such as written statements, briefs, and attorney memoranda, which may be discoverable pursuant to Rule 56.01(b)(5). *Westbrooke*, 151 S.W.3d at 367.

Thus, Missouri law affords complete protection to both attorney-client communications and intangible work product for compelling policy reasons. However, tangible work product is a qualified immunity that, although subject to the same policy considerations, may still be discoverable in certain, limited circumstances.

<u>Discoverability and Privilege</u>

Rule 56.01(b)(5) codifies the tangible work product exception to discovery. *Westbrooke*, 151 S.W.3d at 367. An analysis of Rule 56.01 must begin with the oft-repeated maxim that "[p]arties may obtain discovery regarding any matter, ***not privileged***, that is ***relevant*** to the

---

[4] The terms "work product doctrine" and "work product privilege" have been used interchangeably. See *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 n.4 (Mo. banc 2004). For purposes of this opinion, we utilize the term "privilege."

subject matter involved in the pending action . . . ." *Id.* at 366 (emphasis added); Rule 56.01(b)(1). The party seeking the discovery first bears the burden of establishing that the information is relevant or at least "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 56.01(b)(1).

However, even if relevant, Rule 56.01(b)(5) mandates that tangible work product is not discoverable absent a showing that the party seeking discovery has (1) a substantial need of the documents to prepare their case, and (2) is unable, without undue hardship, to obtain the substantial equivalent by other means. Rule 56.01(b)(5); *see Westbrooke*, 151 S.W.3d at 366; *State ex rel. Shelter Mut. Ins. Co. v. Wagner*, 575 S.W.3d 476, 484 (Mo. App. W.D. 2018).

In response to the party seeking to discover tangible work product pursuant to Rule 56.01(b)(5), the party opposing the discovery and asserting privilege bears the burden of showing that the privilege applies. *Kilroy Was Here*, 633 S.W.3d at 414. Blanket assertions of work product are insufficient to invoke protection. *Id. (citing State ex rel. Faith Hosp. v. Enright*, 706 S.W.2d 852, 856 (Mo. banc 1986)). To properly invoke the work product privilege, the party opposing discovery must establish via competent evidence that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party. *Westbrooke*, 151 S.W.3d at 367. "Competent evidence" includes privilege logs and affidavits from counsel. *Id.; Kilroy Was Here*, 633 S.W.3d at 415.

Application of the Tangible Work Product Privilege

In sum, the party seeking to discover tangible work product must establish both relevance pursuant to Rule 56.01(b)(1) and that the party has substantial need of the materials and cannot, without undue hardship, obtain the substantial equivalent of the materials by other means

8

pursuant to Rule 56.01(b)(5). *Westbrooke*, 151 S.W.3d at 368. The party opposing the discovery and asserting privilege then bears the burden of showing through competent evidence that the privilege applies in that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party. *Id.* at 367.

Here, we are dubious that Mercy met its burden to show that the January 2018 auto accident settlement documents were relevant pursuant to Rule 56.01(b)(1), especially in light of the medical records voluntarily produced. Mercy argues the settlement documents are relevant to prove its affirmative defense of reduction pursuant to Section 537.060, citing *Sanders v. Ahmed*, 364 S.W.3d 195, 211-14 (Mo. banc 2012). In *Sanders*, the Missouri Supreme Court decided it was error for the trial court to deny the defendants a reduction pursuant to Section 537.060. *Id.* In so holding, the court determined that to properly assert the affirmative defense of reduction, the defendants had the burden to plead and prove (1) the existence and applicability of the settlement, and (2) the amount paid by the settling tortfeasors. *Id.* at 213. In the absence of a work product claim, the trial court had no discretion to deny discovery of the terms of a settlement agreement, the proof of which was crucial to the defendants' affirmative defense of reduction. *Id.*

In this matter, Mercy sought not only the terms of Ms. Hill's settlement of the 2018 auto accident, but also Relators' counsel's communications with the driver's insurer in negotiating the settlement *and* the settlement release itself. Such a discovery request clearly exceeds the materials sought in *Sanders*. Moreover, Relators stipulated that the settlement was for the 2018 auto accident's exacerbation of injuries that Ms. Hill initially sustained in the 2017 hospital bed incident, thereby establishing the existence and applicability of the settlement agreement.

9

Relators similarly offered to stipulate to the amount paid under the settlement agreement post-trial, as occurred in *Sanders*. These stipulations would allow Mercy to prove its affirmative defense of reduction pursuant to Section 537.060.

Once the two requirements for Mercy's affirmative defense of reduction were met as mandated by *Sanders*, we discern no further relevance for Mercy to discover the settlement documents. Mercy further argues the settlement documents could lead to the discovery of admissible evidence on the issue of causation, and cites *State ex rel. BNSF Ry. Co. v. Neill*, 356 S.W.3d 169, 171 (Mo. banc 2011), for the proposition that even though the settlement documents related to the January 2018 accident may not be admissible evidence at trial, they are discoverable. There, the Missouri Supreme Court allowed discovery of inadmissible documents because the defendant had demonstrated a sufficient likelihood that the records would contain information relevant to the issue of causation. *Id.* at 174-75.

We find *Neill* distinguishable for multiple reasons. Most important here, *Neill* is inapposite because Mercy did not demonstrate a sufficient likelihood that the settlement documents would contain specific relevant information. Moreover, *Neill* warns against permitting parties to "engage in a fishing expedition in otherwise privileged records in the hope that they might contain relevant information," as Mercy does here in the form of hypothetical admissions that *might* exist in the settlement documents. *Id.* at 175. Mercy has failed to demonstrate how the settlement documents would provide facts and admissions regarding the 2018 auto accident and Ms. Hill's back condition which would not be duplicative of information already found in her medical records.

But even if Mercy met its burden to establish the relevance of the settlement documents because they might somehow demonstrate causation or permanency of her injuries due to the

10

2018 auto accident rather than by the initial 2017 hospital bed incident, Mercy did not meet the burden imposed by Rule 56.01(b)(5). Mercy did not establish its substantial need of the materials and that it could not, without undue hardship, obtain the substantial equivalent of the materials by other means in order to compel the production of the documents at issue. *Westbrooke*, 151 S.W.3d at 368.

Mercy argued that Ms. Hill objected to questions premised on confidentiality during her deposition regarding her injuries from the car accident and thus, it could not obtain all the necessary facts and admissions. We are not persuaded the deposition alone meets Mercy's burden because Relators provided the relevant facts regarding the 2018 auto accident and fully disclosed all the treatment she received for her injuries. The disclosures defeat Mercy's argument that it had a substantial need for the settlement documents as mandated by Rule 56.01(b)(5). Moreover, these disclosures are the "substantial equivalent" of the requested settlement documents because they provided Mercy the ability to contest the causation of Ms. Hill's injuries from the 2017 hospital bed incident.

More importantly, Relators, as the party opposing the discovery and asserting the work product privilege, met their burden of showing through competent evidence that the work product privilege applies to the settlement documents because they (1) are documents or tangible things, (2) were prepared in anticipation of litigation or for trial, and (3) were prepared by or for a party or a representative of that party. The settlement documents claimed in Relators' privilege log were subject to the work product privilege because the settlement negotiations and release were "prepared in anticipation of litigation or for trial." *Westbrooke*, 151 S.W.3d at 367. The purpose of the settlement negotiations is not the question; rather, the test for work product is whether "in the light of the nature of the document and the factual situation in the particular case,

11

the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *State ex rel. Day v. Patterson*, 773 S.W.2d 224, 228 (Mo. App. E.D. 1989).

The record before us supports Relator's assertion that the settlement documents were prepared with the anticipation of trial if it was not resolved. These documents can fairly be said to have been prepared or obtained in anticipation of litigation, which includes avoiding a trial in favor of settlement. Moreover, the settlement documents were prepared by or for Relators and their representative, Relators' counsel. Accordingly, the settlement documents are not discoverable because (1) Relators met their burden to show the settlement documents were tangible work product; and (2) Mercy failed to meet its burden to show "substantial need" and "undue hardship" as required by Rule 56.01(b)(5).

<u>Waiver and Privilege</u>

Despite the absolute nature of attorney-client privilege and intangible work-product privilege, and the quasi-immunity granted to tangible work product, any of these protections may be lost by waiver. "[W]ork product immunity, as any other, may be relinquished by voluntary disclosure of the protected information." *Mitchell Humphrey & Co.*, 854 S.W.3d at 813. The party seeking discovery has the burden ". . . to establish that the materials' work product status has been lost by prior disclosure *without an accompanying protective order or confidentiality agreement . . . .*" *Westbrooke*, 151 S.W.3d at 368 (emphasis added). However, a disclosure made in trial preparation and that is "not inconsistent with maintaining secrecy against opponents[] should be allowed without waiver of the [work product immunity]." *See Mitchell Humphrey & Co.*, 854 S.W.2d at 813; *see also Edwards v. Missouri State Bd. of Chiropractic Examiners*, 85 S.W.3d 10, 27 (Mo. App. W.D. 2002) (attorney's communication with a fact witness and her attorney regarding instant litigation did not constitute a waiver).

12

However, Mercy attempts to rely on *Westbrooke* to claim the work product privilege was lost because of the communications and correspondence between Relators' counsel and the driver's insurance company. But Mercy ignores the confidential settlement agreement, which *Westbrooke* deemed a critical fact. The court held that work product may become discoverable if the party seeking it establishes "that the materials' work product status has been lost by prior disclosure *without an accompanying protective order or confidentiality agreement. . .*" *Westbrooke*, 151 S.W.3d at 368 (emphasis added). Moreover, there is no waiver when the disclosure is made during trial preparation and is "not inconsistent with maintaining secrecy against opponents." *Mitchell Humphrey & Co.*, 854 S.W.2d at 813; *see also Edwards*, 85 S.W.3d at 27. As this writ proceeding demonstrates, Relators' counsel's disclosures were made in negotiating the settlement documents with the driver's insurance company, and those settlement documents ultimately contained a confidentiality agreement that was intended to maintain secrecy with respect to outside parties such as Mercy. Therefore, Mercy did not establish that disclosure of Relators' work product to the settling insurer constituted a waiver of the work product privilege.

## CONCLUSION

Based on the foregoing analysis, and in consideration of the detrimental chilling effects that this order compelling discovery of settlement documents would have on not only Relators in this matter but on any party in the litigation process, we find the trial court abused its discretion. We are obliged to act in prohibition to prevent an irreparable harm that cannot be addressed on appeal as it is undisputed the documents themselves are inadmissible at trial.

13

The Preliminary Order in Prohibition is made permanent. The trial court is directed to vacate the order of December 8, 2021, ordering Relators to produce settlement negotiation communications and the settlement release related to the January 2018 auto accident.

_____
Lisa P. Page, Presiding Judge

Colleen Dolan, J. and
Kelly C. Broniec, J., concur.

14