STATE ex rel. AMERICAN ECONOMY INSURANCE COMPANY, Relator,

v.

Honorable William C. CRAWFORD, Circuit Judge, Jasper County Circuit Court, Respondent.

No. SC 83739.

Supreme Court of Missouri, En Banc.

May 28, 2002.

Paul P. Hasty, Jr., Daniel R. DeFoe, Overland Park, for Relator.

Kala A. Spigarelli, Fred J. Spigarelli, Pittsburg, Roger Johnson, Scott Johnson, Joblin, Timothy M. Aylward, Sara Y. Fulkerson, Bridget R. Downing, Thomas W. Wagstaff, Marc K. Erickson, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

This is a discovery dispute in which the Court is asked to revisit the issue of waivers of work product privilege regarding expert witnesses. The precise issue presented is whether a waiver occurs as to an expert who was designated as a testifying expert in prior litigation between the same parties and whose reports were disclosed to opposing counsel in that prior litigation, but whose designation as a testifying expert was withdrawn in the current litigation. The circuit court held that no waiver occurred and refused to compel opposing counsel's request to depose the expert. This Court issued a preliminary writ of prohibition, which is now made absolute.

## I.

Curtis Jackson, plaintiff in the underlying action, is a resident of Kansas. On July 6, 1998, Jackson was injured when Jesse Schleper ran a stop sign in Parsons, Kansas. Through his next friend, Lilley Mosley, Jackson instituted suit in Kansas. The first count of Jackson's petition sought payments from Relator, American Economy, pursuant to Jackson's underinsured motorist coverage, and count two alleged that the City of Parsons, Kansas, failed to maintain the signs at the intersection where the accident occurred. Jackson retained accident reconstruction specialist James Loumiet as an expert witness. In response to an order from the district court in Kansas, Jackson disclosed Mr. Loumiet's report and designated him as a testifying expert witness, stating:

James Loumiet, [sic] will testify that he inspected the accident site and that the tree limbs and other vegetation obstructed the traffic control sign and is in violation [of certain traffic safety regulations].... Mr. Loumiet's opinion is that the combination of the obstructed view and inadequate retro-reflectivity of the traffic control sign substantially contributed to the accident.

The city later settled, and Jackson dismissed the claim against American Economy without prejudice. Jackson then reinstituted the claim in the Circuit Court of Jasper County, Missouri, naming American Economy and various Missouri healthcare providers, seeking damages for the injuries suffered in the collision and complications from his subsequent medical treatment. American Economy asserted in its answer that Jackson's injuries were the result of the negligence of the city of Parsons and informed Jackson that it intended to take Mr. Loumiet's deposition. In response, Jackson sought to quash the deposition subpoena on the ground that, in this litigation, Mr. Loumiet was only a consulting expert, not a testifying expert, and consequently, his findings and opinions were protected from discovery under the work product doctrine. The circuit court granted the motion to quash, and Relator then filed this petition for writ of prohibition.

## II.

Rule 56.01(b)(3) provides that information prepared by an expert with whom a

party's attorney has consulted is shielded by work product privilege. *Brown v. Hamid*, 856 S.W.2d 51, 54 (Mo. banc 1993). However, Rule 56.01(b)(4) provides that when a party designates an expert as a witness at trial, that party must disclose the facts and opinions to which the expert is expected to testify. *Id.* Thus, designation of an expert as a trial witness begins a process of waiving privilege. *Id.* The circumstances of *Brown* illustrate the point: Defendant's attorney was permitted to engage in *ex parte* contact with the plaintiff's testifying expert because the plaintiff waived the work product privilege for the expert's opinion by designating the expert as a witness and disclosing the expert's opinion in interrogatory responses. *Id.*

In a subsequent case, *State ex rel. Tracy v. Dandurand*, 30 S.W.3d 831 (Mo. banc 2000), this Court reaffirmed the waiver principle. In *Tracy*, plaintiff sued her insurer for exposing her to liability in excess of her policy coverage limits while defending her in a bodily injury claim. *Id.* at 832. While compiling documents for its expert to review, the insurer mistakenly included a damaging letter and report written by the insurer's attorney during the underlying litigation. *Id.* at 833. Although the letter and report were clearly work product, they were produced to plaintiff's counsel at a deposition of the expert and in response to a subpoena *duces tecum.* *Id.* The insurer then sought and obtained a ruling from the trial court that the documents were privileged and could not be introduced at trial. *Id.* at 834. However, this Court determined that a party could not claim privilege for materials disclosed pursuant to a subpoena during a deposition, even though the disclosure was inadvertent. *Id.* at 836.

Here, as in *Hamid* and *Tracy*, the disclosure occurred pursuant to rules of discovery while the expert witness was designated as a testifying expert. As a result, Jackson has waived work product privilege for Mr. Loumiet's report, and re-designation of Mr. Loumiet as a consulting rather than a testifying expert at this point is ineffective to invoke the protection of Rule 56.01(b)(3). As this Court concluded in *Tracy,* "The bell has been rung and cannot be unrung," *id.,* and American Economy must be permitted to explore the expert's opinion during deposition.

In support of the position that the earlier disclosure does not constitute a waiver in the current case, Jackson seizes upon the following dicta from *Tracy:*

> The expert witness is wholly in the control of the party who retained him or her. If the party's attorney, in preparing the expert for deposition, finds that privileged documents have been mistakenly provided to the expert, the attorney presumably has the option of withdrawing the expert's designation prior to deposition. The attorney can claim work-product protection as to that retained expert, since the expert will not be called for trial.

*Id.* at 835–36. Under Jackson's interpretation of this part of the opinion, no waiver can occur until the expert's deposition is taken. This is a misreading of the opinion. The focus on the deposition as the point before which re-designating an expert as a non-testifying consultant will be given effect is, essentially, a focus on the deposition as the disclosing event in that particular case. Here, however, the disclosing event already took place through discovery in the earlier case, and the proposed deposition is simply the permissible inquiry into that earlier disclosure.

## III.

In sum, this Court holds that plaintiff waived the work product privilege in this case by disclosing the testifying expert's

opinion in the earlier Kansas case, and the waiver is effective despite plaintiff's re-designation of the expert as a non-testifying consultant. Therefore, the Relator is permitted to depose the expert regarding the matters disclosed. The scope of the deposition can be as broad as is normally the case with all depositions of expert witnesses, in that Relator will be permitted to probe "the expert's qualifications, knowledge of the subject, information the expert has been provided, the expert's opinions, and all other matters bearing on the expert's opinions and the bases for the opinions." *Id.* at 835.

The preliminary writ of prohibition is made absolute.

WHITE, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., and AHRENS, Sp.J., concur.

RICHARD B. TEITELMAN, J., not participating.