

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| **STATE ex rel. JASON H. MALASHOCK,** | ) | *Opinion issued November 1, 2016* |
| | ) | |
| **Relator,** | ) | |
| | ) | |
| **v.** | ) | **No. SC95606** |
| | ) | |
| **THE HONORABLE MICHAEL T. JAMISON,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**Honorable Michael T. Jamison, Judge**

The issue in this writ proceeding is whether, for purposes of pretrial discovery, the work product doctrine is waived when a party designates an expert witness pursuant to Rule 56.01 and then rescinds the designation without disclosing the expert's analysis or conclusions. This Court holds that designating an expert witness pursuant to Rule 56.01 does not, standing alone, irrevocably waive the protections afforded by the work product doctrine. This Court issued a preliminary writ of prohibition, which is now made permanent.

**Facts**

Jason Malashock (Plaintiff) was injured when his utility terrain vehicle (UTV) overturned. Plaintiff alleged that the roof of the UTV failed and caused his injuries. As relevant to this writ petition, Plaintiff sued Chesterfield Valley Sports, Inc. (Defendant).

Plaintiff designated four expert witnesses expected to testify at trial. One of the designated experts was Herbert Newbold. Plaintiff's designation of Mr. Newbold as an expert stated that he would testify regarding the UTV's "performance" at various speeds, the "forces" involved in the accident, and the "performance and factors impacting the performance" of the UTV. The designation did not disclose Mr. Newbold's analysis or conclusions regarding any issues in the case.

Approximately two weeks later, Plaintiff sent an e-mail to defense counsel stating "we have de-endorsed Herb Newbold" as an expert witness. Defendant filed a motion to amend the scheduling order to permit the deposition of Mr. Newbold. The trial court sustained the motion on grounds that Plaintiff had waived the protections afforded by the work product doctrine by designating Mr. Newbold as an expert witness. Plaintiff then filed the instant petition for a writ of prohibition asserting that Mr. Newbold's opinions and conclusions were protected from discovery by the work product doctrine.

**Analysis**

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. When a party has been directed to produce privileged information, a writ of prohibition is an appropriate remedy because an appeal cannot remedy the

2

improper disclosure.  *State ex rel. Crown Power & Equip. Co. v. Ravens*, 309 S.W.3d 798, 800 (Mo. banc 2009).

The dispositive issue is whether Plaintiff waived the work product doctrine by endorsing Mr. Newbold as an expert witness.  The work product doctrine is a defense to pretrial discovery.  *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.3d 852, 868 n.5 (Mo. banc 1993).  "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."  *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  The work product doctrine precludes discovery of the mental impressions, conclusions, opinions, or legal theories, both tangible and intangible, created or commissioned by counsel in preparation for possible litigation.  *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 (Mo. banc 2004) (citing Rule 56.01(b)(3)).  An expert's knowledge, opinions and conclusions are the work product of the attorney retaining the expert.  *State ex rel. Tracy v. Dandurand*, 30 S.W.3d 831, 834 (Mo. banc 2000).  Therefore, for Plaintiff to waive the work product doctrine with respect to Mr. Newbold, Plaintiff had to intentionally relinquish the protections provided by the work product doctrine by disclosing Mr. Newbold's opinions or conclusions regarding the underlying case.  Mr. Newbold's opinions and conclusions were never disclosed, and he is no longer expected to testify at trial.  Consequently, Plaintiff did not waive the work product doctrine by designating Mr. Newbold as an expert witness without disclosing Mr. Newbold's opinions or conclusions.

The conclusion that Plaintiff's designation of Mr. Newbold as an expert witness did not irrevocably waive the work product privilege is confirmed by the language of Rule 56.01 and this Court's case law. Once an expert is designated as a trial witness, Rule 56.01(b)(4)(b) authorizes discovery by deposition of "facts and opinions to which the expert is expected to testify." The fact that a designated expert witness is subject to discovery does not mean that the act of designation irrevocably waives the work product privilege. Instead, the "designation of an expert as a trial witness begins a process of waiving privilege." *State ex rel. American Economy Ins. Co. v. Crawford*, 75 S.W.3d 244, 246 (Mo. banc 2002). The waiver is incomplete until there is a "disclosing event." *Id*.

This Court's cases establish that the "disclosing event" is the actual disclosure of the expert's opinions and conclusions, not simply the designation of the expert as a trial witness. For instance, in *Tracy*, 30 S.W.3d at 836, the disclosing event was the expert's production of files during his deposition. *Id.*. This Court held that a party could not claim privilege for materials disclosed pursuant to a subpoena during a deposition, even though the disclosure was inadvertent. *Id.* at 836. Additionally, *Tracy* expressly recognized that, prior to deposition, counsel has the option of rescinding an expert's designation as a trial witness. When counsel rescinds the designation, "[t]he attorney can claim work product protection as to that retained expert, since the expert will not be called for trial." *Id.* at 835-36. In this case, as expressly permitted by *Tracy*, Plaintiff's counsel withdrew the designation of Mr. Newbold as an expert well before trial and before there was any disclosure of Mr. Newbold's reports, opinions or conclusions.

4

In *American Economy*, the disclosing event was the expert's disclosure of his files in prior litigation. 75 S.W.3d at 246-47. Due to the disclosure of the expert's files, the work product privilege was waived "despite plaintiff's re-designation of the expert as a non-testifying consultant." *Id.* at 247. As in *Tracy*, *American Economy* held that the waiver resulted from the actual disclosure of the expert's files and due to the act of designating him as a possible trial witness.

Finally, in *Crown Power,* a party retained an expert to critique a venue study conducted by the opposing party. 309 S.W.3d 799. The expert testified at the pretrial venue hearing. *Id.* The opposing party argued that the expert's testimony at the pretrial venue hearing waived the work product privilege for the expert's consultation with counsel on the merits of the lawsuit. *Id.* This Court held that the discovery rules "do not provide for the discovery of experts who are merely used as consultants or who may provide testimony at a non-merits pretrial hearing." *Id.* at 802. *Crown Power* holds that disclosure of an expert's opinion on a pretrial matter does not waive a work product objection to that expert's non-disclosed consultation with counsel on a merits issue on which the expert consultant was not designated as an expert witness. *Crown Power* does not support Defendant's argument that Plaintiff's rescinded designation of Mr. Newbold as an expert witness constitutes an irrevocable waiver of the work product privilege.

Defendant also argues that Plaintiff's designation of Mr. Newbold constitutes a waiver of the work product privilege because the designation did, in fact, disclose Mr. Newbold's opinions and conclusions. Defendant asserts that Mr. Newbold's opinions and conclusions were disclosed because the designation of Mr. Newbold is

5

substantially similar to Plaintiff's designations of the remaining expert witnesses. Unlike Mr. Newbold's designation, Plaintiff's designations of the remaining experts expressly disclosed their conclusions that Plaintiff's injuries were caused by defects in the UTV roof and that the UTV's warnings, instructions and manuals were inadequate. Therefore, even if Plaintiff's designations of the other experts constituted a waiver of the work product privilege, it does not follow that the waiver extends to Plaintiff's designation of Mr. Newbold.

## Conclusion

Plaintiff designated Mr. Newbold as a trial witness and rescinded that designation without disclosing Mr. Newbold's opinions or conclusions regarding the case. Consequently, this Court holds that there was no disclosing event that waived the work product privilege. The preliminary writ of prohibition is made permanent.

_____
Richard B. Teitelman, Judge

All concur.

6