

# SUPREME COURT OF MISSOURI
## en banc

KRISTINE HILL AND DENNIS HILL,   )   *Opinion issued March 21, 2023*
   )
               Relators,   )
   )
v.   )   No. SC99650
   )
THE HONORABLE STANLEY J.   )
WALLACH,   )
   )
               Respondent.   )

## ORIGINAL PROCEEDING IN PROHIBITION

Kristine and Dennis Hill ("the Hills") filed a lawsuit in the circuit court of

St. Louis County, alleging that Mercy Rehabilitation Hospital ("Mercy") was negligent in

failing to repair a malfunctioning hospital bed that caused Ms. Hill to sustain back and

spine injuries.  During discovery, Mercy moved to compel production of documents –

including settlement documents – relating to a motor vehicle accident involving Ms. Hill

following the incident at Mercy.  Counsel sought these settlement documents to prove

Mercy's affirmative defense of reduction under section 537.060, RSMo.[1]

---

[1]  Unless otherwise noted, all statutory references are to RSMo 2016.

The Hills argued, among other things, that these documents were ordinary work product and, therefore, protected from discovery pursuant to Rule 56.01(b)(5). The circuit court sustained Mercy's motion to compel production of the documents. The Hills petitioned for a writ of prohibition preventing the circuit court from compelling production of the settlement documents. The court of appeals issued a preliminary writ, which it made permanent in a subsequent opinion. Mercy sought and was granted transfer, Rule 84.24(m), and this Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution. This Court holds the settlement documents are not protected by the work product doctrine and quashes the preliminary writ.

## Background

In July 2017, Kristine Hill was a patient at Mercy recovering from back surgery. While recovering, Ms. Hill's hospital bed allegedly malfunctioned in a manner that caused her to sustain injuries to her back and spine. Six months after the incident at Mercy, Ms. Hill was involved in a motor vehicle accident that allegedly aggravated those back and spine injuries. Ms. Hill filed a claim with the insurance carrier of the at-fault driver and subsequently settled the claim for an undisclosed sum of money. In July 2019, the Hills sued Mercy and Stryker Corporation (the manufacturer of the hospital bed).[2] The Hills allege, among other things, that Mercy was negligent in failing to inspect,

---

[2] Stryker has since been dismissed from the lawsuit.

maintain, or fix the hospital bed that caused Ms. Hill's injuries. In response, Mercy asserted the affirmative defense of reduction under section 537.060.[3]

To prove reduction, Mercy sought production of settlement documents relating to the motor vehicle accident. The Hills objected to production of the documents on various grounds, including that the requested documents were work product immune from discovery pursuant to Rule 56.01(b)(5).[4] The Hills tendered a privilege log identifying as protected work product several documents, including a settlement release and e-mail correspondence between the Hills' counsel and the insurance company's claims adjuster. Mercy moved to compel production of those documents, and the circuit court sustained that motion. The Hills petitioned for a writ of prohibition in the court of appeals, which issued a preliminary writ. After briefing and argument, the court of appeals issued an opinion making the writ permanent. This Court then granted transfer under Rule 84.24(m).

## Standard of Review

This Court retains the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. "When a party has been directed to produce privileged

---

[3] Section 537.060 provides, in pertinent part: "When an agreement … is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death … such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater." Mercy must plead and prove the settlement and the amount paid, and it is entitled to discovery on that issue. *Sanders v. Ahmed,* 364 S.W.3d 195, 211 (Mo. banc 2012*).* Whether these settlement documents can be admitted at trial is not an issue now before this Court. *See* Rule 56.01(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable[.]").

[4] The Hills originally contended the documents were also protected by the insurer-insured privilege and attorney-client privilege. They have since abandoned these claims of privilege.

information, a writ of prohibition is an appropriate remedy because an appeal cannot remedy the improper disclosure." *State ex rel. Malashock v. Jamison*, 502 S.W.3d 618, 619 (Mo. banc 2016). However, circuit courts "have broad discretion in administering rules of discovery, which this Court will not disturb absent an abuse of discretion." *State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner*, 239 S.W.3d 608, 610 (Mo. banc 2007). An abuse of discretion occurs when the circuit court's order "is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration." *State ex rel. Gen. Credit Acceptance Co. v. Vincent*, 570 S.W.3d 42, 46 (Mo. banc 2019) (internal quotations omitted).

## Analysis

The Hills argue the circuit court abused its discretion in ordering the production of the settlement release and e-mail correspondence because these documents are ordinary work product protected from discovery pursuant to Rule 56.01(b)(5).[5] Because our state's work product jurisprudence is less than perfectly clear, this Court undertakes a brief history of the doctrine and its protections to illuminate the dispute in the instant case and demonstrate why the circuit court did not abuse its discretion in compelling production of the release and e-mail correspondence.

---

[5] The Hills also argue Mercy failed to make the heightened showing of substantial need and undue hardship necessary to compel production of ordinary work product. Because this Court determines the documents do not constitute ordinary work product protected by Rule 56.01(b)(5), the Court need not reach or decide these arguments.

## I. Overview of the Work Product Doctrine

The work product doctrine had its genesis in the oft-cited and much-celebrated case of *Hickman v. Taylor*, 329 U.S. 495 (1947). There, the United States Supreme Court noted the public policy rationale justifying this doctrine:

> Proper preparation of a client's case demands that [counsel] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. … This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed … as the "Work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interest of the clients and the cause of justice would be poorly served.

*Id.* at 510-11.[6]

In 1970, the Supreme Court codified the doctrine in Federal Rule of Civil Procedure 26(b)(3), which has remained largely unchanged since its adoption.[7] In 1974, this Court adopted Rule 56.01(b)(3)[8] based on FRCP 26(b)(3). When one of this Court's

---

[6] In a concurring opinion, Justice Robert Jackson gave a more colloquial spin to this rationale: "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Id.* at 516 (Jackson, J., concurring).

[7] Gender-specific language has been removed from the rule, and protection for interactions between expert witnesses and lawyers was added via the 2010 amendments. CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2023 n.13 (3d ed. 2010 & Supp. 2022).

[8] Recent amendments have moved this provision to its current location, Rule 56.01(b)(5). These amendments, however, did not alter the substance of the work product protections contained within the former Rule 56.01(b)(3) in any meaningful way.

rules of civil procedure is modeled after a federal rule, this Court and the court of appeals will consider federal courts' construction of the federal rule "as a persuasive guide" in applying the Missouri corollary rule. *See State ex rel. Vanderpool Feed & Supply Co. v. Sloan*, 628 S.W.2d 414, 416 (Mo. App. 1982) (collecting cases).

Both Rule 56.01(b)(5) and FRCP 26(b)(3) contain protection for two types of work product: ordinary work product (sometimes called fact or tangible work product) and opinion work product (sometimes called core or intangible work product). *F.T.C. v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 151 (D.C. Cir. 2015). To fall under the protection of the rule, the ordinary or opinion work product must be contained within a document or other tangible thing otherwise discoverable.[9] Rule 56.01(b)(5); *see also* FRCP 26(b)(3)(A). In addition, the document or tangible thing must (1) have been prepared in anticipation of litigation or trial and (2) by or for another party or by or for that other party's representative. Rule 56.01(b)(5); *see also* FRCP 26(b)(3)(A).

Ordinary work product consists of "raw factual information" contained within such documents or tangible things (e.g., written statements, briefs, and attorney memoranda). *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000); *State ex rel. Rogers v. Cohen*, 262 S.W.3d 648, 654 (Mo. banc 2008). Ordinary work product is only qualifiedly immune from discovery, however, and a party can obtain it if they can

---

[9] FRCP 26(b)(3) and Rule 56.01(b)(5) provide protection only for work product contained in documents and other tangible things. However, a related testimonial privilege has been developed to protect core attorney work product (e.g., an attorney's analysis of legal theories and mental impressions) when that work product has not been reduced to some tangible form. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 350 n.4 (5th Cir. 2020) (collecting federal cases). Only the privilege set forth in Rule 56.01(b)(5) is at issue in this case.

6

show (1) a substantial need of the materials in the preparation of their case and (2) that they cannot obtain a substantial equivalent of the material without undue hardship. Rule 56.01(b)(5); *see also Cohen*, 262 S.W.3d at 654.

Opinion work product "encompasses a lawyer's opinions, conclusions, mental impressions, and legal theories[.]" *In re Grand Jury Proc., G.S., F.S.*, 609 F.3d 909, 913 (8th Cir. 2010). Unlike ordinary work product, opinion work product retains "nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997); *see also Upjohn Co. v. United States*, 449 U.S. 383, 402 (1981) (noting that opinion work product requires "a far stronger showing of necessity and unavailability by other means" than is needed to justify discovery of ordinary work product).

The Hills' arguments conflate aspects of ordinary work product and opinion work product, but they make no showing as to the latter. Accordingly, this Court will review only whether the documents sought are ordinary work product. With the relevant definitions in mind, we now show why the Hills are mistaken.

## II.    The Settlement Release and E-mail Correspondence

The Hills argue the settlement release and e-mail correspondence are immune from discovery because they meet the definition of ordinary work product and satisfy the prerequisites for protection pursuant Rule 56.01(b)(5). However, even if this is true,[10] the

---

10    Some federal courts have held such settlement documents and correspondence between parties do not come within the ambit of work product protection in the first instance because the doctrine was never meant to protect communications with an adverse party. *See, e.g.*, *McComas v. Market*, No. CV 16-217-WOB-CJS, 2020 WL 12698021, at *12 (E.D. Ky. Nov. 30, 2020)

7

Hills ignore that they have waived work product protection by disclosing the documents to an adversary, i.e., the insurance claims adjuster in the motor vehicle accident case.

Federal courts have held that work product protection is waived when a party voluntarily discloses the protected material to an adversary. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1120 n.7 (9th Cir. 2020) (collecting cases); *see also Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (noting that, for waiver to apply, "there must be an intention that the opposing party see the work product"). This is because such a disclosure is "inconsistent with the purpose of the work-product doctrine—to protect the adversarial process." *Sanmina*, 968 F.3d at 1120. This type of disclosure "waives the work product protection as to items actually disclosed, ***even where disclosure occurs in settlement***." *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation*, 860 F.2d 844, 846 (8th Cir. 1988) (emphasis added) (internal quotations omitted).

There can be no dispute that the insurance company for the at-fault driver of the 2018 motor vehicle accident was an adversary for purposes of the rule, as litigation between Ms. Hill and the insurance company would have ensued had a settlement agreement not been reached. Additionally, the fact that the Hills disclosed the documents

---

(finding communications between a party's attorney and opposing counsel are not protected by the work product doctrine); *Garner v. Ranka*, No. CV18-181 MV/GBW, 2020 WL 601898, at *2 (D.N.M. Feb. 7, 2020) (finding the same); *Asset Funding Grp., LLC v. Adams & Reese, LLP*, No. CV 07-2965, 2009 WL 10679824, at *4 (E.D. La. May 20, 2009) (finding communications between adversaries setting forth settlement proposals are not protected by the work product doctrine). Other federal courts have held that such documents do not satisfy the doctrine's "anticipation of litigation or trial" prerequisite. *See, e.g.*, *In re Stern Walters Partners, Inc.*, No. 94 C 5705, 1996 WL 115290, at *7 (N.D. Ill. Mar. 13, 1996) (finding a proposed settlement and release agreement was not prepared in anticipation of litigation or trial and, thus, was not protected by the work product doctrine).

to a former adversary rather than their current adversary (i.e., Mercy) is irrelevant. Once the Hills disclosed the documents to any adversary, they waived work product protection of the settlement release and e-mail correspondence in the motor vehicle accident case and any subsequent case in which the documents would otherwise be discoverable. *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 480 (N.D. Ill. 2002); *see also* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2016.2 (3d ed. 2010) (noting that, once work product protection is waived as to one party, the waiver "ordinarily deprives the privilege-holder of the right to assert the privilege against anyone else"). Therefore, the settlement documents are not protected by the work product doctrine, and there is no basis set forth in the writ petition for making the preliminary writ permanent.[11]

### Conclusion

The work product doctrine is "an intensely practical [doctrine], grounded in the realities of litigation in our adversary system." *United States v. Nobles*, 422 U.S. 225, 238 (1975). There is no persuasive precedent supporting its application to settlement documents between adversaries, even when sought by a later adversary in an unrelated case. The Hills seek to jam the square peg of these facts through the decidedly round hole of this doctrine, and the results were both poor and foreseeable. Accordingly, this

---

[11] The Hills claim the settlement documents include a confidentiality provision. Even taking this as true (no copy was provided or quoted), the Hills do not assert in this petition or in their Points Relied On that this, alone, should decide the issue if, as the Court holds, the work product doctrine does not apply. Nor do the Hills make any persuasive showing that the presence of a confidentiality provision is or should be dispositive of the issue presented here.

Court holds the circuit court properly concluded the settlement documents and related communications Mercy sought are not protected by the work product doctrine.  The preliminary writ of prohibition is hereby quashed.

_____

Paul C. Wilson, Chief Justice

All concur.