

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI ex rel. )
ANDREW BAILEY, )
           )
           Relator, )
           )
v. )     No. SD37749
           )     Filed: April 23, 2024
THE HONORABLE JOHNNIE E. COX, )
ASSOCIATE CIRCUIT JUDGE, )
           )
           Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

### **<u>PERMANENT WRIT OF PROHIBITION ISSUED</u>**

After 17 people died in a duck boat accident on Table Rock Lake on July 19, 2018, the Governor of the State of Missouri (Governor) directed the Attorney General (AG) to assist the Prosecuting Attorney of Stone County (Prosecutor) in the investigation and prosecution of possible charges in the matter, as authorized by § 27.030.[1] After various

---

[1] All statutory references are to RSMo (2016). Section 27.030 provides:

> When directed by the governor, the attorney general, or one of his assistants, shall aid any prosecuting or circuit attorney in the discharge of their respective duties in the trial courts and in examinations before grand juries, and when so directed by the trial court, he may sign indictments in lieu of the prosecuting attorney.

proceedings, the AG filed criminal charges against three employees of Ride the Ducks Branson (hereinafter referred to as Defendants). Defendants jointly moved to compel discovery of discussions relating to the institution of the charges by the AG. Defendants sought communications between the AG, the Prosecutor and the Governor. The trial judge (hereinafter referred to as Respondent) granted the motion to compel disclosure of these communications, with a limited exception for "any opinion, theory or conclusion of counsel[.]"

The AG then filed a petition for writ of prohibition in this Court. The AG asked that we order Respondent to vacate his order compelling the AG to provide its correspondence and order Respondent to deny Defendant's motion to compel. We issued a preliminary writ in prohibition. After fully considering the matter, we agree with the AG. Therefore, we make permanent our preliminary writ of prohibition.

## Standard of Review

Writs of prohibition or mandamus are extraordinary remedies. *See **U.S. Dept. of Veterans Affairs v. Boresi***, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013). An extraordinary writ of prohibition is appropriate:

> (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

***State ex rel. Strauser v. Martinez***, 416 S.W.3d 798, 801 (Mo. banc 2014); ***State ex rel. Anheuser-Busch, LLC v. Moriarty***, 589 S.W.3d 567, 570 (Mo. banc 2019). "Prohibition is the proper remedy when a trial court has abused its discretion in a discovery order to the extent that its act exceeds its [authority]." ***State ex rel. Collom v. Fulton***, 528 S.W.3d 42,

2

43 (Mo. App. 2017) (internal citation omitted); *see **State ex rel. Becker v. Lamke***, 589 S.W.3d 44, 49 (Mo. App. 2019).

Further, "[w]hen a party has been directed to produce privileged information, a writ of prohibition is an appropriate remedy because an appeal cannot remedy the improper disclosure." ***State ex rel. Malashock v. Jamison***, 502 S.W.3d 618, 619 (Mo. banc 2016); *see **State ex rel. Rogers v. Cohen***, 262 S.W.3d 648, 650 (Mo. banc 2008) (when the damage to the party against whom discovery is sought is both severe and irreparable if the privileged material is produced, the damage cannot be repaired on appeal); *see, e.g.*, ***State ex rel. Pooker v. Kramer***, 216 S.W.3d 670, 672 (Mo. banc 2007) (making writ of prohibition absolute where discovery order went beyond proper scope of discoverable evidence).

### Factual and Procedural Background

On July 14, 2021, the Governor directed the AG "to assist" the Prosecutor in a letter that stated:

> Pursuant to Section 27.030 RSMo., I am directing [the AG] to assist [the Prosecutor] in the investigation and prosecution of possible charges arising from incidents that occurred on July 19, 2018.

On July 15, 2021, the Prosecutor charged the three Defendants in a single felony complaint with a total of 63 counts.[2] The following December, a two-day preliminary hearing was held, at which both the Prosecutor and the AG appeared on behalf of the State. On April 5, 2022, the trial court issued an order finding no probable cause for any of the

---

[2] The 63 counts were charged as follows. All three Defendants were each charged with 17 counts of first-degree involuntary manslaughter, totaling 51 counts. The first Defendant was charged with an additional 12 counts of child endangerment, for a combined total of 63 counts.

counts charged and dismissing the original complaint against the Defendants without prejudice.

On April 7, 2022, the Prosecutor sent an email to Defendants' attorneys notifying them that the Prosecutor's office "no longer has the time, resources, or personnel to continue prosecution of the case" and directing further inquiries about the case to the AG:

> [D]ue to current circumstances in my office, yesterday afternoon I notified the [AG's] office, that my office no longer has the time, resources, or personnel to continue prosecution of the case. All further inquiries should be directed to [an assistant AG] at that office. It was a pleasure working with you all.

That same day, the AG charged each of the Defendants in three separate cases with the same counts as originally charged.

On June 16, 2022, the Defendants jointly moved to dismiss the complaint filed solely by the AG on the ground that the AG lacks statutory authority to initiate the charges filed against Defendants. The AG filed suggestions in opposition to the motion. In those suggestions, the AG argued Defendants' motion to dismiss lacked merit because the AG was employing his broad assist authority set forth in § 27.030. The AG also attached the Governor's letter directing the AG to assist the Prosecutor.

On June 29, 2022, in preparation to argue the merits of the motion to dismiss, Defendants jointly moved to compel discovery of all the State's communications "that relate to the commencement, filing, or prosecution" of the recent charges filed by the AG. Specifically, Defendants sought discovery of communication between: (1) the AG and the Prosecutor; and (2) the AG and the Governor:

1. All written or recorded statements, documents, electronic communications, and electronic data that relate to the commencement, filing, or prosecution of the charges filed [in Defendants' respective case numbers], to include, but not be limited to, communications of

4

any kind between any person on behalf of the [AG] and any person on behalf of the [Prosecutor].

2.  All written or recorded statements, documents, electronic communications, and electronic data exchanged between any person on behalf of the [AG] and any person on behalf of the [Governor] that relate to the commencement, filing, or prosecution of the charges filed in [Defendants' three separate cases].

On September 19, 2022, the State filed suggestions in opposition to the motion to compel, asserting that the requested material was: (1) protected by the work-product doctrine; and (2) not subject to disclosure under Rule 25.03(a) or *Brady* as Defendants contend.[3] The State further argued it had disclosed the only relevant communication – the letter from the Governor directing the AG to assist the Prosecutor.

On September 23, 2022, the Respondent entered an order (the discovery order) granting the motion to compel, except for "any opinion, theory or conclusion of counsel":

> The court has reviewed the Defendants' joint motion to compel and the [AG's] reply and brief in opposition. The court having been fully advised in the premises grants the Defendants' joint motion and directs the [AG] to comply with same, except that the [AG] is not required to provide any opinion, theory or conclusion of counsel regarding the appropriateness of the re-filing of the charges, the weight of evidence, strategy or directives from any superior in the Office of the [AG]. The [AG] is granted until October 6, 2022 to comply with this entry. [S]o ordered [Respondent.]

---

[3] *See **Brady v. Maryland**, 371 U.S. 812 (1962).  All rule references are to Missouri Court Rules (2022).  Rule 25.03(a) provides:

> [T]he state shall, upon written request of defendant's counsel, disclose to defendant's counsel the following material and information in the possession of the prosecutor: any arrest reports, incident reports, investigative reports, written or recorded statements, documents, photographs, video, electronic communications and electronic data that relate to the offense for which defendant is charged.

On October 5, 2022, the AG filed its petition for writ of prohibition, or in the alternative, mandamus, seeking relief from the discovery order. We issued a preliminary writ of prohibition and directed the parties to brief the issues.

**Discussion and Decision**

The AG presents three alternative points, the first of which is dispositive. Point 1 contends the AG is entitled to an order prohibiting Respondent from compelling the disclosure of the State's correspondence between the AG, the Prosecutor and the Governor, because any such correspondence was protected from disclosure by Rule 25.10. According to the AG, communications "that relate to the commencement, filing, or prosecution" of the recent charges constitute work product – opinions, theories, or conclusions of counsel for the State or members of the State's legal or investigative staff. We agree.

Rule 25.10 states that the "following matters shall not be subject to disclosure":

(a) Legal research, or records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of counsel for the state or members of the state's legal or investigative staff, or of defendant, defense counsel, or members of defendant's legal or investigative staff.

Rule 25.10(a). "The work product doctrine precludes discovery of the mental impressions, conclusions, opinions, or legal theories, both tangible and intangible, created or commissioned by counsel in preparation for possible litigation." *Jamison*, 502 S.W.3d at 620. The premise of the doctrine comes from the need for counsel to "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *Cohen*, 262 S.W.3d at 650; *see United States v. Nobles*, 422 U.S. 225, 238 (1975) ("interests of society and the accused in obtaining a fair

6

and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case").

Here, Respondent exempted some work product from disclosure, but nevertheless exceeded his authority in granting Defendants' motion to compel. According to the discovery order, the AG did not have to disclose "opinion, theory or conclusion of counsel" regarding: (1) the appropriateness of refiling the charges; (2) the weight of the evidence; and (3) strategy or directives from any superior in the AG's office. The AG argues, and we agree, that *all* responsive internal documents "that relate to the commencement, filing, or prosecution of the charges" in this case would, by definition, contain "opinions, theories, or conclusions of counsel [or] legal or investigative staff" protected by Rule 25.10(a).

We find support for our decision in ***State ex rel. Becker v. Wood***, 611 S.W.3d 510 (Mo. banc 2020). There, our Supreme Court recently held that the "prosecuting attorney's rationale for seeking a particular punishment based upon the facts of a specific case are necessarily mental impressions and conclusions and are, therefore, intangible work product." *Id*. at 513. The Court also held that, as intangible work product, the prosecutor's rationale is privileged, and the State would suffer irreparable harm if compelled to disclose. *Id*. at 514. We reach the same conclusion here. Like the rationale for seeking a particular punishment, the internal communications between the AG, the Prosecutor and the Governor, "that relate to the commencement, filing, or prosecution of the charges" are necessarily privileged mental impressions and conclusions, and the State would suffer irreparable harm if compelled to disclose. *See id*.; *see also* ***State v. Antwine***, 743 S.W.2d 51, 67 (Mo. banc 1987) ("impressions formed by a prosecuting attorney during *voir dire* constitute his opinions. *Batson* [*v. Kentucky*, 476 U.S. 79 (1986)] does not create an exception to the work

product privilege"); ***Lamke***, 589 S.W.3d at 48-49 ("the State's opinions, theories, and conclusions, including mental impressions and conclusions about the *corpus delicti* evidence supporting [d]efendant's charge, are privileged work product and thus not subject to disclosure"); ***State v. Wolfe***, 344 S.W.3d 822, 836 (Mo. App. 2011) (prosecutor's mental impression about "misidentification in the evidence form" protected); ***State v. Crespo***, 664 S.W.2d 548, 553 (Mo. App. 1983) (decision not to use report was a conclusion of counsel "based on counsel's opinion concerning the worth of the evidence and was not subject to disclosure").[4]

For all these reasons, Respondent is hereby prohibited from enforcing the discovery order compelling disclosure of internal communications between: (1) the AG and the Prosecutor; and (2) the AG and the Governor. Our preliminary order in prohibition is made permanent.

JEFFREY W. BATES, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCUR

JACK A. L. GOODMAN, C.J. – CONCUR

---

[4] Lastly, Defendants rely on ***State ex rel. Chassaing v. Mummert***, 887 S.W.2d 573 (Mo. banc 1994), to argue that the work-product doctrine should not apply, but Defendants' reliance on that case is misplaced. In ***Mummert***, our Supreme Court applied the well settled rule that when the State's interview notes contain witness statements, then that portion of the notes is discoverable. *Id*. at 581. ***Mummert*** does not aid Defendants, however, because they do not seek to discover any witness statements.